WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X
                                   :
JACOB KELLNER,                     :      Civil Action No.:
PRESIDENT/CEO/I&L DISTRIBUTING,    :
INC.,                              :
                                   :
        Plaintiff,                 :
                                   :      **NOTICE OF REMOVAL**
        v.                         :
                                   :
BETTER BUSINESS BUREAU,            :
                                   :
        Defendant.                 :
                                   :
----------------------------------X

Defendant Better Business Bureau of New Jersey, Inc. ("BBB of NJ" and/or "Defendant") hereby files this Notice of Removal to remove this action from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1332, and respectfully states as follows:

1.    Plaintiff *pro se* Jacob Kellner ("Plaintiff") filed an action in the Supreme Court of the State of New York, County of Kings, by way of Complaint entitled Kellner v. Better Business

#11736141.1

Bureau, Index No. 1499/20.  A copy of the Complaint is attached
hereto as Exhibit A.

2.    As alleged in his Complaint, Plaintiff is a citizen of
New York:

> is the President/CEO of Plaintiff, I&L
> Distributing, Inc., d/b/a: seatingmind.com/
> officechairsatwork.com, and is a citizen of
> the United States, resident of the City of
> New York, and State of New York, conducting
> a retail distributing business with
> principal business offices located at 5824-
> 58th Street, Brooklyn New York.  [See Exh. A,
> ¶ 1]

3.    As the Plaintiff alleged in his initial Complaint,
the then named defendant -- Better Business Bureau (the "BBB") -
- "is a private non-profit organization whose self-described
mission is to focus on advancing marketplace trust, consisting
of 106 independently incorporated local 'BBB' organizations in
the United States and Canada, coordinated under the
International Association of Better Business Bureaus."  Exh. A,
Complaint, ¶ 3.

4.    Accordingly, by Plaintiff's own allegations, Plaintiff
understood and recognized that the BBB comprised of 106
independently incorporated local BBBs.  The BBB of NJ is one
such independently incorporated local BBB.

5.    Despite this fact, Plaintiff's initial Complaint did
not specifically identify the BBB of NJ.  Instead, the Complaint
merely named the national BBB, generally, as the defendant, and

2

identified the BBB's address as 30 East 33rd Street, New York, New York 10016, which is actually the address for another separate and distinct independently incorporated local BBB, the Better Business Bureau of Metropolitan New York, Inc. ("BBB of Metro NY").

6.    Accordingly, based upon the Complaint as pled and filed, the actual named defendant for determining diversity jurisdiction would be BBB of Metro NY.

7.    Without ever inasmuch referencing or identifying the BBB of NJ in its Complaint, process was served on BBB of NJ on September 4, 2020.  As set forth above, at the time of service, the Complaint attached as Exhibit A did not identify either the name or address of BBB of NJ.  Given that the Complaint identified the defendant simply as the national BBB and provided the address for the BBB of Metro NY, diversity jurisdiction could not be established at that time.

8.    Thereafter, BBB of NJ sought clarification and/or correction concerning Plaintiff's filing so as to confirm that it was intended to be the defendant in Plaintiff's action.

9.    Ultimately, prior to the time by which BBB of NJ's response to Plaintiff's Complaint was due, by e-mail dated September 23, 2020, Plaintiff confirmed to BBB of NJ its intention to file an Amended Complaint so as to name BBB of NJ as the defendant.  Attached hereto as Exhibit B is a copy of

3

#11736141.1

Plaintiff's e-mail of September 23, 2020 and attached proposed Amended Complaint.  The Amended Complaint substituted the BBB of NJ as the defendant and changed the address so as to identify the BBB of NJ's corporate address, which is 1262 Whitehorse-Hamilton Square Road, Building A/Suite 202, Hamilton, New Jersey.  See Exh. B.

10.  In addition to establishing BBB of NJ as the named defendant, and establishing it as a New Jersey entity, Plaintiff's Amended Complaint also identified its demand for damages as totaling several millions of dollars:

> plaintiff demands a Money Judgment against the defendant in the amount of **Twenty Million Dollars, for actual & compensatory damages, and Twenty Million Dollars in punitive damages,** together with court costs, and reasonable attorney fees, and a Further Order enjoining the defendant from maintaining unfair unjust consumer complaints which should be directed towards delivery carrier, together with a written Notice of correction to be addressed to the plaintiff notifying consumers of the unfair, erroneous unfavorable business rating score 'raising question' and damaging the plaintiff's hard earned Honest Business Reputation.  [See Exh. B, ¶¶ 46, 52 (emphasis added)]

11.  While Plaintiff has advised as recently as October 12, 2020 that the proposed Amended Complaint has indeed been submitted for filing, Defendant has not been served with the Amended Complaint and cannot confirm whether the Amended Complaint has in fact been filed.

4

12.   So as to not be prejudiced by the delay, and in order to timely proceed with removal, Defendant BBB of NJ is filing this Notice of Removal within thirty (30) days after it first received a copy of the Amended Complaint, by service or otherwise.

13.   No other process or pleadings beyond that which has been identified herein have been filed in this action, and no further proceedings have been had in this matter.

14.   Based upon the above, this case is removable to the United States District Court, pursuant to 28 U.S.C. § 1332, in that this Court has subject matter jurisdiction based upon diversity jurisdiction.   Specifically, the plaintiff, Jacob Kellner ("Mr. Kellner" and/or "Plaintiff"), is a citizen of New York and is seeking damages in excess of $75,000.00 against the defendant, BBB of NJ, a citizen of New Jersey.

15.   Accordingly, this action pursuant to the Amended Complaint when filed shall establish diversity of jurisdiction between Plaintiff and defendant BBB of NJ.

16.   Upon filing this Notice of Removal in the United States District Court for the Eastern District of New York, Defendant is also serving Plaintiff, and filing copies of this Notice of Removal with the Clerk of the Supreme Court of New York, County of Kings to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

5

#11736141.1

Wherefore, Defendant BBB of NJ prays that <u>Kellner v. Better Business Bureau</u>, Index No. 1499/20 be removed from said state court into this Court for trial and determination.

DATED: October 14, 2020          WILENTZ, GOLDMAN & SPITZER P.A.
                                 Attorneys for Defendant


                                 By:     /s/ Robert L. Selvers
                                         ROBERT L. SELVERS

6

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

SUMMONS

JACOB KELLNER, PRESIDENT/CEO/
I&L DISTRIBUTING Inc.,

Index # 1499/20

DATE INDEX
PURCHASED
_____/_____/2020

Plaintiff(s),

-against-
BETTER BUSINESSBUREAU, (BBB),

_____/

Addressed To: DEFENDANT
Better Business Bureau (BBB)
30 E 33rd St,
New York, NY 10016

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to
answer the complaint of the Plaintiff(s) herein and to serve a copy of your
answer on the Plaintiff(s) at the address indicated below within 20 days after
the service of this Summons (not counting the day of service itself), or within
30 days after service is complete if the summons is not delivered personally to
you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a
judgment will be entered against you by default for the relief demanded in the
complaint.

VENUE IS DESINATED AS KINGS COUNTY AND PLAINTIFF RESIDES
IN KINGS COUNTY

     Dated: May 20th, 2020
     JACOB KELLNER
     PLAINTIFF PRO SE'
     I&L Distributing, Inc
     5824 12th Ave.
     Brooklyn NY 11219
     Tel. No.:(347) 993-3796

RECEIVED

AUG 11 2020

KINGS COUNTY CLERK'S OFFICE

**I&L Distributing, Inc**
**5824 12ᵗʰ Ave**
**Brooklyn NY 11219**

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

---

JACOB KELLNER, President/CEO,
I&L DISTRIBUTING, Inc.,

          **Plaintiff,**

    **-against-**

**BETTER BUSINESS BUREAU, (BBB),**

          **Defendants.**

_____/

Case No.:_____

**Civil Action**

### VERIFIED COMPLAINT AND JURY TRIAL DEMAND

There is no other civil action between these parties arising out of the same
transaction or occurrence as alleged in this Complaint pending in this Honorable
Court, nor has any such action been previously filed and dismissed or transferred
after having been assigned to a Judge.

    **NOW COMES, Jacob Kellner,** the plaintiff pro se' in the above entitled
matter, who herein files instant Civil Complaint against Defendant Better Business
Bureau, at all times hereafter referred to as 'BBB', and in support thereof states
and alleges as follows.

### THE PARTIES

    1. That the plaintiff, Jacob Kellner is the President/CEO of Plaintiff, I&L
Distributing, Inc., d/b/a: seatingmind.com/ officechairsatwork.com, and is a citizen

of the United States, resident of the City and State of New York, conducting a

retail distributing business with principal business offices located at 5824- 58th

Street, Brooklyn New York.

2. That Plaintiff I&L Distributing, Inc., is a domestic corporation organized

under the laws of the State of New York, conducting a retail/wholesale business

operation, consisting in part of furniture.

3. The **Better Business Bureau (BBB)**, founded in 1912, is a private,

nonprofit organization whose **self-described mission** is to focus on advancing

marketplace trust, consisting of 106 independently incorporated local **'BBB'**

organizations in the United States and Canada, coordinated under the

**International** Association of Better Business Bureaus.

4. The Defendant, **Better Business Bureau, or BBB**, is a non-profit

corporation that uses an Accredited Businesses system to assign rankings to

businesses, charities and non-profit organizations. The defendant BBB stores data

about companies interaction with consumers.

## JURISDICTION & VENUE

5. That, jurisdiction lies in this Honorable Court, where the plaintiff(s)

conduct business and maintain a principal office within the Court's Judicial

District and venue lies before this Honorable Court, pursuant to CVP § 503, where

2/15

the events complained of took place against the plaintiff corporation and its

subsidiaries (seatingmind.com/ officechairsatwork.com) conducting business

within this Judicial District.


## FACTS RELATED TO ALL CAUSES OF ACTION

6. That defendant 'BBB' is **a private, nonprofit organization** who's **self-described mission is to focus on advancing marketplace trust.**

7. That defendant 'BBB' is **primarily funded by membership dues and** fees paid by business organizations who become dues paying accredited members.

8. That the defendant 'BBB' collects and store alleged consumer complaints in their internal data bank systems.

9. That the **plaintiff is not a dues paying member** of the defendant 'BBB', and as a non-member of the defendant organization is treated differently than due paying Business organizations.

10. That the new **BBB** rating system relies on an 'A+' through 'F' letter-**grade** scale. The grades represent **BBB's** degree of confidence that the **business is** operating in a trustworthy manner and will make a good faith effort to resolve any customer concerns filed with the **BBB**.

3/15

11.    That the defendant **'BBB'** scoring system **discriminates against non-member business organizations** like the plaintiff, who do not pay regular annual dues, helping to finance the defendant **'BBB'** operation.

12.    That the BBB ratings are based on information in BBB files with respect to the following factors:

### 1. Business's complaint history with BBB.

The BBB rating takes into account the following information with respect to closed complaints that relate to a business's marketplace activities:

- **Number of complaints filed with BBB against the business.**
- **The size of the business.**
- **If complaints have been filed, whether in BBB's opinion the business appropriately responded to them.**
- **If complaints have been filed, whether in BBB's opinion the business resolved the complaints in a timely manner to the customer's satisfaction.**
- **If complaints have been filed, whether in BBB's opinion the business made a good faith effort to resolve complaints, even if the customer was not satisfied with the resolution.**
- **If complaints have been filed, whether in BBB's opinion the business failed to resolve the underlying cause(s) of a pattern of complaints.**
- **The age of resolved complaints. Older resolved complaints have less of an impact on the rating than newer complaints.**

13.    **BBB** analysis of a business's complaint history generally takes into account the business's size if BBB has reliable information to establish its size. If BBB cannot reliably determine business size, it will consider the business to fall within BBB's smallest size category.

4/15

**2.Type of business.**

14.    A business's BBB rating **is lowered if, in BBB's opinion,** the business is a type of business that raises marketplace concerns or is believed to operate in violation of the law.

**3.  Time in business.**

15.    A business's BBB rating is based, in part, on the length of time the business has been operating. If BBB is unable to obtain, from the business or from other sources, information about time in business that BBB deems reliable, BBB will consider business to have started at the time BBB opened its file on the business.

**4.  Transparent Business Practices.**

16.    A business's BBB rating is lowered if BBB determines that the business is not being transparent about its marketplace conduct. This includes situations where:

- **A business does not provide complete information about products and services offered, and/or ownership.**
- **A business uses false addresses or an address cannot be determined.**

**5. Failure to honor commitments to BBB.**

17. A business's BBB rating is lowered if a business does not honor its

commitments to BBB, including commitments to abide by a mediation settlement or an

arbitration award.

**6. Licensing and government actions known to BBB.**

18. A business's BBB rating is lowered when BBB has knowledge of the

following:

- **Failure of the business to have required competency licensing (i.e., licensing that requires a competency assessment or can be taken away based on misconduct by business).**
- **Finalized government actions against the business that relate to its marketplace activities and, in BBB's opinion, raise questions about the business's ethics or its reliability in providing products/services. Government action deductions consider several factors including how the case is finalized as well as the amount of restitution, penalties or fines imposed against the business. However, older government actions have less of an impact than newer government actions of the same type.**

**BBB routinely checks required competency licensing and government actions before a business is accredited by BBB. BBB does not routinely check required competency licensing and government actions for businesses that do not seek BBB accreditation, although in some cases BBB learns of these matters through its marketplace research.**

**7. Advertising issues known to BBB.**

19. A business's BBB rating is lowered when the business does not, in BBB's

opinion, appropriately respond to BBB advertising challenges that relate to:

- **Misuse of the BBB name or BBB marks; or**
- **Questions about the truthfulness, accuracy or substantiation of advertising**

6/15

- **claims or compliance with the BBB Code of Advertising. Advertising issues may be rated as major, moderate or minor, and the rating deduction varies accordingly.**

**BBB advertising challenges are made at BBB's discretion when it receives complaints from consumers or competitors about advertising or when BBB identifies questionable advertising through its monitoring of local media.**

20.    That the defendant 'BBB' exercises an **'arbitrary and capricious'** practice of **publishing negative reviews on their website,** which represent a very small percentage of actual products sold to customers, to form a basis for overall negative review by the 'BBB'.

21.    That the defendant **'BBB'** maintains an **'arbitrary and capricious'** scoring system aimed at forcing businesses into becoming accredited members of their organization, or face continuous scrutiny aimed at **'defaming, slandering and libeling' the targeted business organization's good reputation'** among the business community and potential consumers alike.

22.    That the defendant 'BBB' **publishes or causes to be published false statements purporting to be fact, about the plaintiff's business organizations** (d/b/a:/ OfficeChairsatWork.com/ Seatingminds.com), on defendant 'BBB' website and others areas of the internet (google).

23.    That the defendant 'BBB' , discounts positive reviews or resolved customer issues, through plaintiff customer care services, and relies on a shear fraction of plaintiff actual annual sales and delivery of products, which are never complained about by any consumer.

7/15

24.    That plaintiff's sell more than Ten Million Dollars in product line annually, delivering a choice of more than 300 products, requiring more than twenty thousand product shipments annually.

25.    That many of the consumer complaints maintained and advertised by the defendant 'BBB', **are related to shipment,** where plaintiff spends more than a million dollars a year in shipping costs, and is not responsible for failure in timeliness of delivery, because it is controlled completely by the carrier, and many of the unfavorable reviews posted by the 'BBB' on their website concerning delays in delivery and product damage in transit are misplaced against the plaintiff, as it is beyond their control, and such complaints should be attributed to the shipping/delivery service, (FedEx), who is treated more favorably by defendant as carrier is  dues paying accredited member of the **'BBB'.**

26.    That the defendant 'BBB', releases the **erroneous reviews** across the internet, to tens of thousands potential customers, causing the plaintiff to suffer damage to their good business reputation, and loss of potential sales revenue in unfairly discouraging new customer purchases, and compromising market place trust in the plaintiffs'

27.    That defendant 'BBB' **is negligent** in the collection, investigation, publishing and distribution of review, on their internet website and other areas of the internet (google).

8/15

28.    That defendant owes the plaintiff's special care in making allegations against the plaintiff which can and does cause harm to plaintiff's hard earned 'good' business reputation.

29.    That defendant 'BBB' fails to make full and thorough investigation into alleged complaints and or to follow-up on the status of the complaint and accurately report updates when consumer complaint is resolved by plaintiff customer care services.

30.    That defendant 'BBB' has a **duty to report accurate** information involving customer complaints and reviews, and **'Breached'** that duty as it relates to plaintiff business organizations, failing to maintain updated reports from consumers and remove any negative consumer reports when and if alleged consumer complaint is resolved, abandoned, or actually concerning delayed delivery, or product damaged in transit by the delivery carrier.

31.    That defendant 'BBB' erroneously post-consumer late delivery Concerns, and product damage caused in transit against the plaintiff, when in fact plaintiff provides independent ground or air service delivery from third party responsible for timely delivery and product damage in transit (FedEx), as selected by the consumer.

32.    That the untimely delivery consumer review which charge late delivery or damage to packaging should be made against the transporting service

9/15

(FedEx), **but intentionally** are not as FedEx carrier is a dues paying accredited member of the defendant 'BBB' and is highly rated by the plaintiff with an erroneous 'A-plus' rating.

**33.** That **the negligent classification and rating system as arbitrarily& capriciously** administered by the defendant, has caused the plaintiff to suffer significant financial harm, since they are widely reviewed by potential customers, who do not place orders with plaintiff caused by erroneous negative defendant 'BBB' reviews.

34. That **'BUT FOR'**, the defendants erroneous negative reviews the plaintiff's sales volume would be significantly increased.

35. That **'BUT FOR'** the defendants **erroneous, arbitrary and capricious** investigations, consumer review process and proper classification of consumers actual complaint, the plaintiff would maintain their **hard earned 'good business' reputation, unimpaired by unfair, unjust criticism** by consumers actually complaining about the delivery carrier, who consumer selected and not the plaintiff business.

**36.** That the defendant 'BBB' makes and publishes numerous **False, Statements, purporting them to be fact,** on defendant internet website, and other areas of the internet, (google) **unfairly, unjustly, arbitrarily, and capriciously** defaming the plaintiff business.

10/15

37.    That **defendants knew or should have known** that consumer
negative reviews concerning delayed delivery, or packing/product damage were
actually against the delivery carrier (FedEx) who is a dues paying accredited
member of defendant 'BBB' organization, and plaintiff is not, so the defendant
intentionally misclassified the consumer complaint against the plaintiff as a non-
dues paying accredited member of defendant 'BBB'.

38.    That the defendant **'BBB'** rating system relies on an A+ through F
letter-grade scale. The grades represent **BBB's** degree of confidence that
the **business** is operating in a trustworthy manner and will make a good faith effort
to resolve any customer concerns filed with the **BBB**, and plaintiff's actual A-plus
rating is downgraded by the defendant 'BBB', simply because plaintiff is not a
dues paying accredited member of defendant 'BBB', organization.

39.    That the plaintiff business organization has never been the target of a
legitimate consumer complaint opened by any of the official consumer complaint
bureaus (Federal Trade Commission/FTC), local state or federal, and the defendant
**is a self-proclaimed policeman over consumer rights**, which is engaged in a
pattern and practice, of **coercing legitimate business organizations** like the
plaintiff's into becoming dues paying accredited members of defendant non-profit,
consumer-police organization.

40.    That **'BUT FOR'** the defendant's pattern and practice of conduct
aimed at **defaming plaintiff business organization,** the plaintiff sales volume

11/15

would be significantly higher, had plaintiff not suffered harm, from defendant 'BBB', unlawful/unconscionable business practices **aimed solely at 'feathering their own nest', and not protecting consumers rights at all.**

## FIRST CAUSE OF ACTION
## <u>DEFAMATION</u>

41.   That here plaintiff incorporates by reference all facts, allegations and averments as set forth more fully above in paragraphs 1-40, as though fully set forth herein, and further states and alleges in support of First Cause of Action as follows:

42.   That defendants **erroneous, unfair, misclassified** classifications of negative consumer reviews as published to defendant internet website, widely available to millions of consumers across the internet have deprived plaintiff from achieving their full sales potential.

43.   That defendants engaged in a pattern & practice to publish erroneous customer reviews across the internet, through defendant website, and other internet resources (google) **wrongfully, intentionally and maliciously, defaming** the plaintiff's hard-earned good business reputation, causing plaintiff to suffer harm to plaintiff's total sales volume, when potential consumers read the **fictitious reviews** wrongfully targeting the plaintiff business organization, rather then just targeting the delivery carrier (FedEx) for damage caused by shipping carrier in transit, and delayed delivery which is the responsibility of the delivery carrier (who consumer

selected) and not the plaintiff business.

42. That the defendant acted with **evil motive and intent,** in **disparaging and defaming the plaintiff business,** which is not an accredited dues paying member of defendant self-appointed consumer police organization, as opposed to the delivery carrier (FedEx) who is a dues paying member of defendant organizations, with an erroneous 'A-plus' rating by the defendant.

44. That the defendant conduct is **outrageous, and malicious** in promoting discriminatory practices against non-accredited dues paying business organizations like the plaintiff.

45. That the defendant's **animus against** the plaintiff business organization, is **willful or wanton deliberate disregard** for **plaintiff's 'good business' reputation.**

46. **WHEREFORE,** plaintiff demands a Money Judgment against the defendant in the amount of Twenty Million Dollars, for actual & compensatory damages, and Twenty Million Dollars in punitive damages, together with court costs, and reasonable attorney fees, and a Further Order enjoining the defendant from maintaining unfair unjust consumer complaints which should be directed towards delivery carrier, together with a written Notice of correction to be addressed to the plaintiff notifying consumers of the unfair, erroneous unfavorable business rating score 'raising question' and damaging the plaintiff's hard earned Honest Business Reputation.

13/15

## SECOND CAUSE OF ACTION
### <u>NEGLIGENCE</u>

47.    That here plaintiff incorporates by reference all facts, allegations and averments as set forth more fully above in paragraphs 1-47, as though fully set forth herein, and further states and alleges in support of Second Cause of Action as follows:

48.    That defendant as a **self-proclaimed consumer-police organization**, established to protect consumer rights, owed the plaintiff a **'Duty', to carefully review** and classify consumer complaints without regard to the business organization status as either an accredited dues paying member, or non-accredited dues paying member, and defendant **'Breached' their duty of care**, when they erroneously targeted the plaintiff business organization for goods damaged in delivery, or delayed delivery, caused by a third-party delivery service (FedEx), as selected by the consumer.

49.    That defendant's **unconscionable business practices**, are deliberate, and **maliciously aimed** at targeting the plaintiff, who is a non-dues paying accredited business entity.

50.    That defendant **animus towards the plaintiff is willful and wanton,** aimed at erroneously targeting the plaintiff business organization, while protecting the business reputation of the delivery carrier (FedEx), who is rightfully

14/15

responsible for damages to good caused in transit and delayed delivery, however shielded by the defendants because the delivery carrier is an accredited dues paying member of the defendant **self-proclaimed police of consumer rights,** with an erroneous 'A-plus rating', as erroneously scored by the defendant.

51.    That defendant **'Breached'** their duty of care to properly and adequately screen all negative reviews and **defendants were negligent** in performance of their duty owed the plaintiff, resulting in harm to the plaintiff's **'good business reputation',** and a loss of potential sales.

52.    **WHEREFORE,** plaintiff demands a Money Judgment against the defendant in the amount of Twenty Million Dollars, for actual & compensatory damages, and Twenty Million Dollars in punitive damages, together with court costs, and reasonable attorney fees, and a Further Order enjoining the defendant from maintaining unfair unjust consumer complaints which should be directed towards delivery carrier, together with a written Notice of correction to be addressed to the plaintiff notifying consumers of the unfair, erroneous unfavorable business rating score 'raising question' and damaging the plaintiff's hard earned Honest Business Reputation.

**Jacob Kellner,**
**Plaintiff pro se'**

**Dated: May 20th, 2020**

15/15

## VERIFICATION

That I Jacob Kellner, President/CEO, of plaintiff I&L Distributing Inc., also d/b/a/: seatingmind.com/ officechairsatwork.com, do hereby state, declare, and verify, that all the facts and averments as set forth more fully in my complaint are true and correct to the Best of my Knowledge and belief and as to those facts or averments based upon information and belief, I believe them to be true and correct.

I understand that any knowing, willful false statement could subject me to the pains and penalties of perjury.

**Jacob Kellner,**
**President/CEO**

**Notary**

Dated: _____ 5 / 1 / 7 /2020

# EXHIBIT B

## Rodriguez, Anita

**From:** jacob@seatingmind.com
**Sent:** Wednesday, September 23, 2020 12:06 PM
**To:** Selvers, Robert L.
**Cc:** 'Melissa Companick'
**Subject:** RE: BBB BEHAVIOR WITH SEATINGMIND
**Attachments:** JACOB BBB (2).docx

**Importance:** High

see attached

Thank you
Jacob Kellner
877-778-7796



**From:** Selvers, Robert L. <rselvers@wilentz.com>
**Sent:** Monday, September 21, 2020 12:07 PM
**To:** 'jacob@seatingmind.com' <jacob@seatingmind.com>
**Cc:** 'Melissa Companick' <mcompanick@newjersey.bbb.org>
**Subject:** RE: BBB BEHAVIOR WITH SEATINGMIND

Mr. Kellner,

I am confused by your e-mail. You acknowledge that your claims are against the Better Business Bureau of New Jersey, but your Complaint, as it is presently filed, does not precisely name my client as the appropriate defendant (the Better Business Bureau, generally, is the listed defendant) nor does it provide for my client's appropriate address. By failing to correct this deficiency, my client may move to seek dismissal of the Complaint on procedural grounds for failure to properly identify it as the defendant. So that I may better understand, what is the basis for refusing to correct the deficiency in the pleading?

In terms of the time to respond to the Complaint, I appreciate your extension. By my client's records, she was properly served with the Complaint by a process server on September 4, 2020. Is this the date that you have for which service of process was effectuated?

Thank you.

Regards,

**Robert L. Selvers | Counsel**

WILENTZ

—ATTORNEYS AT LAW—
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900

1

Woodbridge, New Jersey 07095
T: 732.726.7477 | F: 732.726.6642
rselvers@wilentz.com | www.wilentz.com
LinkedIn | Add My Mobile Business Card

---

**From:** jacob@seatingmind.com [mailto:jacob@seatingmind.com]
**Sent:** Friday, September 11, 2020 10:56 AM
**To:** Selvers, Robert L.
**Cc:** 'Melissa Companick'
**Subject:** RE: BBB BEHAVIOR WITH SEATINGMIND

Having reviewed our complaint we see No need to file an Amended Complaint simply for a change in address.
Naturally you can request the change in your answer and we have Noted it.
That in light of the delay we consent to extention of time to file your answer until September 30th 2020 by 5pm.

Respectfully,
Jacob Kellner

On September 8, 2020 2:53:00 PM <jacob@seatingmind.com> wrote:

We are filing a amended complaint and will email u the copy of it

Thanks for your email

Thank you
Jacob Kellner
877-778-7796



**From:** Selvers, Robert L. <rselvers@wilentz.com>
**Sent:** Tuesday, September 8, 2020 7:07 AM
**To:** 'jacob@seatingmind.com' <jacob@seatingmind.com>
**Cc:** 'Melissa Companick' <mcompanick@newjersey.bbb.org>
**Subject:** RE: BBB BEHAVIOR WITH SEATINGMIND

Good morning Mr. Keller,

I am following up on my e-mail below.  Please let me know if you would like for me to arrange a conference call to discuss.

Thank you.

Regards,

**Robert L. Selvers | Counsel**

# WILENTZ

—ATTORNEYS AT LAW—
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
T: 732.726.7477 | F: 732.726.6642
rselvers@wilentz.com  |  www.wilentz.com
LinkedIn  |  Add My Mobile Business Card

---

**From:** Selvers, Robert L.
**Sent:** Wednesday, September 2, 2020 12:10 PM
**To:** 'jacob@seatingmind.com'
**Cc:** 'Melissa Companick'
**Subject:** RE: BBB BEHAVIOR WITH SEATINGMIND

Good afternoon Mr. Keller,

As you may recall, this firm represents the BBB of NJ. We are in receipt of the Complaint that you filed. In your Complaint, you identified the BBB of NJ's address as 30 East 33rd Street, NY, NY. The BBB of NJ's address is actually 1262 Whitehorse-Hamilton Square Road, Building A, Suite 202, Hamilton, NJ 08690. They do not have a NY address. Unless you have a reason for maintaining the incorrectly identified NY address, I would request that you Amend the Complaint to provide for BBB of NJ's correct address. I will be happy to accept service of the Amended Complaint via e-mail.

If you would like to discuss any of the above, I am happy to arrange for a conference call with you. Please let me know.

Regards,

**Robert L. Selvers | Counsel**

# WILENTZ

—ATTORNEYS AT LAW—
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
T: 732.726.7477 | F: 732.726.6642
rselvers@wilentz.com  |  www.wilentz.com
LinkedIn  |  Add My Mobile Business Card

---

**From:** jacob@seatingmind.com [mailto:jacob@seatingmind.com]
**Sent:** Monday, August 24, 2020 1:04 PM
**To:** Selvers, Robert L.; 'Melissa Companick'

3

**Cc:** 'Melanie Brown'; 'Stephanie W.'
**Subject:** RE: BBB BEHAVIOR WITH SEATINGMIND

See attached

Also sent via USPS

USPS 9114-9023-0722-4641-2309-36

Thank you
Jacob Kellner
877-778-7796



This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient of this message you are prohibited from copying, distributing or otherwise using this information. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system. Thank you.

The content of any e-mail sent to or received by Wilentz, Goldman & Spitzer, P.A. or any of its attorneys will not create an attorney-client relationship and shall not be binding on this law firm or its client(s) unless an undertaking of attorney client representation has been signed and delivered by a duly authorized representative of the firm. No e-mail transmission by the sender of this e-mail will constitute an "electronic signature" unless the person sending the email expressly states that this e-mail constitutes an electronic signature or the document on which a handwritten signature appears specifically states that it may be delivered via electronic or e-mail transmittal.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient of this message you are prohibited from copying, distributing or otherwise using this information. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system. Thank you.

The content of any e-mail sent to or received by Wilentz, Goldman & Spitzer, P.A. or any of its attorneys will not create an attorney-client relationship and shall not be binding on this law firm or its client(s) unless an undertaking of attorney client representation has been signed and delivered by a duly authorized representative of the firm. No e-mail transmission by the sender of this e-mail will constitute an "electronic signature" unless the person sending the email expressly states that this e-mail constitutes an electronic signature or the document on which a handwritten signature appears specifically states that it may be delivered via electronic or e-mail transmittal.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                          **SUMMONS**

_____

**JACOB KELLNER, PRESIDENT/CEO/**                    Index #_____
**I&L DISTRIBUTING Inc.,**

                                                     **DATE INDEX**
                                                     **PURCHASED**
                              **Plaintiff(s),**      _____/_____/2020
              -against-

**BETTER BUSINESS BUREAU**
**OF NEW JERSEY, INC. ,**

                              **Defendant.**
_____/

**Addressed To: DEFENDANT**
**Better Business Bureau of New Jersey**
**1262 Whitehorse-Hamilton Square Road**
**Building A/ Suite 202**
**Hamilton New Jersey, 08690**


**To the Person(s) Named as Defendant(s) Above:**

        **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED**
**to answer the complaint of the Plaintiff(s) herein and to serve a copy of your**
**answer on the Plaintiff(s) at the address indicated below within 20 days after**
**the service of this Summons (not counting the day of service itself), or within**
**30 days after service is complete if the summons is not delivered personally to**
**you within the State of New York.**

**YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a**
**judgment will be entered against you by default for the relief demanded in the**
**complaint.**

**VENUE IS DESINATED AS KINGS COUNTY AND PLAINTIFF RESIDES
AND HAS MAIN OFFICE IN KINGS COUNTY**

**JACOB KELLNER**
**PLAINTIFF PRO SE'**
**I&L Distributing, Inc**
**5824 12th Ave.**
**Brooklyn NY 11219**
**Tel. No.:(347) 993-3796**
**I&L Distributing, Inc**
**5824 12th Ave**
**Brooklyn NY 11219**

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

---

JACOB KELLNER, President/CEO,                          Case No.:_____
I&L DISTRIBUTING, Inc.,

                **Plaintiff,**           **Civil Action**

    **-against-**

**BETTER BUSINESS BUREAU**
**OF NEW JERSEY, Inc.,**

             **Defendants.**

_____/

### VERIFIED COMPLAINT AND JURY TRIAL DEMAND

There is no other civil action between these parties arising out of the same
transaction or occurrence as alleged in this Complaint pending in this Honorable
Court, nor has any such action been previously filed and dismissed or transferred
after having been assigned to a Judge.

**NOW COMES, Jacob Kellner,** the plaintiff pro se' in the above entitled
matter, who herein files instant Civil Complaint against Defendant Better Business
Bureau of New Jersey, Inc., at all times hereafter referred to as 'BBB', and in
support thereof states and alleges as follows.

### THE PARTIES

1.  That the plaintiff, Jacob Kellner is the President/CEO of Plaintiff, I&L
Distributing, Inc., d/b/a: seatingmind.com/ officechairsatwork.com, and is a citizen

1

of the United States, resident of the City of New York, and State of New York, conducting a retail distributing business with principal business offices located at 5824- 58th Street, Brooklyn New York.

2. That Plaintiff I&L Distributing, Inc., is a domestic corporation organized under the laws of the State of New York, conducting a retail/wholesale business operation, consisting in part of furniture.

3. The **Better Business Bureau of New Jersey, Inc., (BBB)**, founded in 1912, is a private, nonprofit organization whose **self-described mission** is to focus on advancing marketplace trust, consisting of 106 independently incorporated local **'BBB'** organizations in the United States and Canada, coordinated under the **International** Association of Better Business Bureaus.

4. The Defendant, **Better Business Bureau of New Jersey, aka: BBB**, is a non-profit corporation that uses an Accredited Businesses system to assign rankings to businesses, charities and non-profit organizations. The defendant BBB stores data about companies' interaction with consumers.

## JURISDICTION & VENUE

5. That, jurisdiction lies in this Honorable Court, where the plaintiff(s) conduct business and maintain a principal office within the Court's Judicial District and venue lies before this Honorable Court, pursuant to CVP § 503, where

2

the events complained of took place against the plaintiff corporation and its subsidiaries (seatingmind.com/ officechairsatwork.com) conducting business within this Judicial District.

## **FACTS RELATED TO ALL CAUSES OF ACTION**

**6.** That defendant 'BBB' is **a private, nonprofit organization** who's **self-described mission is to focus on advancing marketplace trust.**

7. That defendant 'BBB' is **primarily funded by membership dues and** fees paid by business organizations who become dues paying accredited members.

8. That the defendant 'BBB' collects and store alleged consumer complaints in their internal data bank systems.

9. That the **plaintiff is not a dues paying member** of the defendant 'BBB', and as a non-member of the defendant organization is treated differently than due paying Business organizations.

10. That the new **BBB** rating system relies on an '**A+' through 'F' letter-grade** scale. The grades represent **BBB's** degree of confidence that the **business** is operating in a trustworthy manner and will make a good faith effort to resolve any customer concerns filed with the **BBB**.

3

**11.**    That the defendant **'BBB'** scoring system **discriminates against non-member business organizations** like the plaintiff, who do not pay regular annual dues, helping to finance the defendant **'BBB'** operation.

12.    That the BBB ratings are based on information in BBB files with respect to the following factors:

1. **Business's complaint history with BBB.**

The BBB rating takes into account the following information with respect to closed complaints that relate to a business's marketplace activities:

- **Number of complaints filed with BBB against the business.**
- **The size of the business.**
- **If complaints have been filed, whether in BBB's opinion the business appropriately responded to them.**
- **If complaints have been filed, whether in BBB's opinion the business resolved the complaints in a timely manner to the customer's satisfaction.**
- **If complaints have been filed, whether in BBB's opinion the business made a good faith effort to resolve complaints, even if the customer was not satisfied with the resolution.**
- **If complaints have been filed, whether in BBB's opinion the business failed to resolve the underlying cause(s) of a pattern of complaints.**
- **The age of resolved complaints. Older resolved complaints have less of an impact on the rating than newer complaints.**

13.    **BBB** analysis of a business's complaint history generally takes into account the business's size if BBB has reliable information to establish its size. If BBB cannot reliably determine business size, it will consider the business to fall within BBB's smallest size category.

**2. Type of business.**

14.    A business's BBB rating **is lowered if, in BBB's opinion,** the business

4

is a type of business that raises marketplace concerns or is believed to operate in violation of the law.

### 3.  Time in business.

15.   A business's BBB rating is based, in part, on the length of time the business has been operating. If BBB is unable to obtain, from the business or from other sources, information about time in business that BBB deems reliable, BBB will consider business to have started at the time BBB opened its file on the business.

### 4.  Transparent Business Practices.

16.   A business's BBB rating is lowered if BBB determines that the business is not being transparent about its marketplace conduct. This includes situations where:

- **A business does not provide complete information about products and services offered, and/or ownership.**
- **A business uses false addresses or an address cannot be determined.**

### 5.  Failure to honor commitments to BBB.

17.   A business's BBB rating is lowered if a business does not honor its

5

commitments to BBB, including commitments to abide by a mediation settlement or an

arbitration award.

**6. Licensing and government actions known to BBB.**

18.   A business's BBB rating is lowered when BBB has knowledge of the

following:

- **Failure of the business to have required competency licensing (i.e., licensing that requires a competency assessment or can be taken away based on misconduct by business).**
- **Finalized government actions against the business that relate to its marketplace activities and, in BBB's opinion, raise questions about the business's ethics or its reliability in providing products/services. Government action deductions consider several factors including how the case is finalized as well as the amount of restitution, penalties or fines imposed against the business. However, older government actions have less of an impact than newer government actions of the same type.**

**BBB routinely checks required competency licensing and government actions before a business is accredited by BBB. BBB does not routinely check required competency licensing and government actions for businesses that do not seek BBB accreditation, although in some cases BBB learns of these matters through its marketplace research.**

**7. Advertising issues known to BBB.**

19.   A business's BBB rating is lowered when the business does not, in BBB's

opinion, appropriately respond to BBB advertising challenges that relate to:

- **Misuse of the BBB name or BBB marks; or**
- **Questions about the truthfulness, accuracy or substantiation of advertising**
  - **claims or compliance with the BBB Code of Advertising. Advertising issues may be rated as major, moderate or minor, and the rating deduction varies accordingly.**

6

**BBB advertising challenges are made at BBB's discretion when it receives complaints from consumers or competitors about advertising or when BBB identifies questionable advertising through its monitoring of local media.**

**20.** That the defendant 'BBB' exercises an **'arbitrary and capricious'** practice of **publishing negative reviews on their website,** which represent a very small percentage of actual products sold to customers, to form a basis for overall negative review by the 'BBB'.

**21.** That the defendant **'BBB'** maintains an **'arbitrary and capricious'** scoring system aimed at forcing businesses into becoming accredited members of their organization, or face continuous scrutiny aimed at **'defaming, slandering and libeling' the targeted business organization's good reputation'** among the business community and potential consumers alike.

**22.** That the defendant 'BBB' **publishes or causes to be published false statements purporting to be fact, about the plaintiff's business organizations** (d/b/a:/ OfficeChairsatWork.com/ Seatingminds.com), on defendant 'BBB' website and others areas of the internet (google).

**23.** That the defendant 'BBB' , discounts positive reviews or resolved customer issues, through plaintiff customer care services, and relies on a shear fraction of plaintiff actual annual sales and delivery of products, which are never complained about by any consumer.

24. That plaintiff's sell more than Ten Million Dollars in product line

7

annually, delivering a choice of more than 300 products, requiring more than twenty thousand product shipments annually.

25.    That many of the consumer complaints maintained and advertised by the defendant 'BBB', **are related to shipment**, where plaintiff spends more than a million dollars a year in shipping costs, and is not responsible for failure in timeliness of delivery, because it is controlled completely by the carrier, and many of the unfavorable reviews posted by the 'BBB' on their website concerning delays in delivery and product damage in transit are misplaced against the plaintiff, as it is beyond their control, and such complaints should be attributed to the shipping/delivery service, (FedEx), who is treated more favorably by defendant as carrier is  dues paying accredited member of the **'BBB'**.

26.    That the defendant 'BBB', releases the **erroneous reviews** across the internet, to tens of thousands potential customers, causing the plaintiff to suffer damage to their good business reputation, and loss of potential sales revenue in unfairly discouraging new customer purchases, and compromising market place trust in the plaintiffs'

27.    That defendant 'BBB' **is negligent** in the collection, investigation, publishing and distribution of review, on their internet website and other areas of the internet (google).

28.    That defendant owes the plaintiff's special care in making allegations against the plaintiff which can and does cause harm to plaintiff's hard earned

8

'good' business reputation.

29.     That defendant 'BBB' fails to make full and thorough investigation

into alleged complaints and or to follow-up on the status of the complaint and accurately report updates when consumer complaint is resolved by plaintiff customer care services.

30.     That defendant 'BBB' has a **duty to report accurate** information involving customer complaints and reviews, and **'Breached'** that duty as it relates to plaintiff business organizations, failing to maintain updated reports from consumers and remove any negative consumer reports when and if alleged consumer complaint is resolved, abandoned, or actually concerning delayed delivery, or product damaged in transit by the delivery carrier.

31.     That defendant 'BBB' erroneously post-consumer late delivery Concerns, and product damage caused in transit against the plaintiff, when in fact plaintiff provides independent ground or air service delivery from third party responsible for timely delivery and product damage in transit (FedEx), as selected by the consumer.

32.     That the untimely delivery consumer review which charge late delivery or damage to packaging should be made against the transporting service (FedEx), **but intentionally** are not as FedEx carrier is a dues paying accredited

9

member of the defendant 'BBB' and is highly rated by the plaintiff with an erroneous 'A-plus' rating.

**33.** That **the negligent classification and rating system as arbitrarily& capriciously** administered by the defendant, has caused the plaintiff to suffer significant financial harm, since they are widely reviewed by potential customers, who do not place orders with plaintiff caused by erroneous negative defendant 'BBB' reviews.

34. That **'BUT FOR'**, the defendants erroneous negative reviews the plaintiff's sales volume would be significantly increased.

35. That **'BUT FOR'** the defendants **erroneous, arbitrary and capricious** investigations, consumer review process and proper classification of consumers actual complaint, the plaintiff would maintain their **hard earned 'good business' reputation, unimpaired by unfair, unjust criticism** by consumers actually complaining about the delivery carrier, who consumer selected and not the plaintiff business.

**36.** That the defendant 'BBB' makes and publishes numerous **False, Statements, purporting them to be fact,** on defendant internet website, and other areas of the internet, (google) **unfairly, unjustly, arbitrarily, and capriciously** defaming the plaintiff business.

10

37.     That **defendants knew or should have known** that consumer
negative reviews concerning delayed delivery, or packing/product damage were
actually against the delivery carrier (FedEx) who is a dues paying accredited
member of defendant 'BBB' organization, and plaintiff is not, so the defendant
intentionally misclassified the consumer complaint against the plaintiff as a non-
dues paying accredited member of defendant 'BBB'.

38.     That the defendant **'BBB'** rating system relies on an A+ through F
letter-grade scale. The grades represent **BBB's** degree of confidence that
the **business** is operating in a trustworthy manner and will make a good faith effort
to resolve any customer concerns filed with the **BBB**, and plaintiff's actual A-plus
rating is downgraded by the defendant 'BBB', simply because plaintiff is not a
dues paying accredited member of defendant 'BBB', organization.

39.     That the plaintiff business organization has never been the target of a
legitimate consumer complaint opened by any of the official consumer complaint
bureaus (Federal Trade Commission/FTC), local state or federal, and the defendant
**is a self-proclaimed policeman over consumer rights**, which is engaged in a
pattern and practice, of **coercing legitimate business organizations** like the
plaintiff's into becoming dues paying accredited members of defendant non-profit,
consumer-police organization.

40.     That **'BUT FOR'** the defendant's pattern and practice of conduct
aimed at **defaming plaintiff business organization**, the plaintiff sales volume

11

would be significantly higher, had plaintiff not suffered harm, from defendant 'BBB', unlawful/unconscionable  business practices **aimed solely at 'feathering their own nest', and not protecting consumers rights at all.**

## FIRST CAUSE OF ACTION
## <u>DEFAMATION</u>

41.   That here plaintiff incorporates by reference all facts, allegations and averments as set forth more fully above in paragraphs 1-40, as though fully set forth herein, and further states and alleges in support of First Cause of Action as follows:

42.   That defendants **erroneous, unfair, misclassified** classifications of negative consumer reviews as published to defendant internet website, widely available to millions of consumers across the internet have deprived plaintiff from achieving their full sales potential.

43.   That defendants engaged in a pattern & practice to publish erroneous customer reviews across the internet, through defendant website, and other internet resources (google) **wrongfully, intentionally and maliciously, defaming** the plaintiff's hard-earned good business reputation, causing plaintiff to suffer harm to plaintiff's total sales volume, when potential consumers read the **fictitious reviews** wrongfully targeting the plaintiff business organization, rather then just targeting the delivery carrier (FedEx) for damage caused by shipping carrier in transit, and delayed delivery which is the responsibility of the delivery carrier (who consumer

12

selected) and not the plaintiff business.

42. That the defendant acted with **evil motive and intent**, in **disparaging and defaming the plaintiff business,** which is not an accredited dues paying

member of defendant self-appointed consumer police organization, as opposed to the delivery carrier (FedEx) who is a dues paying member of defendant organizations, with an erroneous 'A-plus' rating by the defendant.

44.    That the defendant conduct is **outrageous, and malicious** in promoting discriminatory practices against non-accredited dues paying business organizations like the plaintiff.

45.    That the defendant's **animus against** the plaintiff business organization, is **willful or wanton deliberate disregard** for **plaintiff's 'good business' reputation.**

46.    **WHEREFORE,** plaintiff demands a Money Judgment against the defendant in the amount of Twenty Million Dollars, for actual & compensatory damages, and Twenty Million Dollars in punitive damages, together with court costs, and reasonable attorney fees, and a Further Order enjoining the defendant from maintaining unfair unjust consumer complaints which should be directed towards delivery carrier, together with a written Notice of correction to be addressed to the plaintiff notifying consumers of the unfair, erroneous unfavorable business rating score 'raising question' and damaging the plaintiff's hard earned Honest Business Reputation.

13

## SECOND CAUSE OF ACTION
## <u>NEGLIGENCE</u>

47.    That here plaintiff incorporates by reference all facts, allegations and

averments as set forth more fully above in paragraphs 1-47, as though fully set

forth herein, and further states and alleges in support of Second Cause of Action

as follows:

48.    That defendant as a **self-proclaimed consumer-police organization**,

established to protect consumer rights, owed the plaintiff a **'Duty', to carefully**

**review** and classify consumer complaints without regard to the business

organization status as either an accredited dues paying member, or non-accredited

dues paying member, and defendant **'Breached' their duty of care**, when they

erroneously targeted the plaintiff business organization for goods damaged in

delivery, or delayed delivery, caused by a third-party delivery service (FedEx), as

selected by the consumer.

49.    That defendant's **unconscionable business practices**, are deliberate,

and **maliciously aimed** at targeting the plaintiff, who is a non-dues paying

accredited business entity.

50.    That defendant **animus towards the plaintiff is willful and wanton,**

aimed at erroneously targeting the plaintiff business organization, while protecting

the business reputation of the delivery carrier (FedEx), who is rightfully

14

responsible for damages to good caused in transit and delayed delivery, however shielded by the defendants because the delivery carrier is an accredited dues paying member of the defendant **self-proclaimed police of consumer rights,** with an erroneous 'A-plus rating', as erroneously scored by the defendant.

51.    That defendant **'Breached'** their duty of care to properly and adequately screen all negative reviews and **defendants were negligent** in performance of their duty owed the plaintiff, resulting in harm to the plaintiff's **'good business reputation'**, and a loss of potential sales.

52.    **WHEREFORE,** plaintiff demands a Money Judgment against the defendant in the amount of  Twenty Million Dollars, for actual & compensatory damages, and Twenty Million Dollars in punitive damages, together with court costs, and reasonable attorney fees, and a Further Order enjoining the defendant from maintaining unfair unjust consumer complaints which should be directed towards delivery carrier, together with a written Notice of correction to be addressed to the plaintiff notifying consumers of the unfair, erroneous unfavorable business rating score 'raising question' and damaging the plaintiff's hard earned Honest Business Reputation.

_____

**Jacob Kellner,**
**Plaintiff pro se'**

**Dated: September 23rd, 2020**
**Amended**

15

## VERIFICATION

That I Jacob Kellner, President/CEO, of plaintiff I&L Distributing Inc., also d/b/a/: seatingmind.com/ officechairsatwork.com, do hereby state, declare, and verify, that all the facts and averments as set forth more fully in my complaint are true and correct to the Best of my Knowledge and belief and as to those facts or averments based upon information and belief, I believe them to be true and correct.

I understand that any knowing, willful false statement could subject me to the pains and penalties of perjury.

_____

**Jacob Kellner,
President/CEO**

_____                    **Stamp**

**Notary**

**Dated: _____/_____/2020**